UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOB NATHANIEL VANDERWEKEN,<br><br>Plaintiff,<br><br>v.<br><br>TY DAVIS; DEPUTY WARDEN MARTINEZ; C/O VAUGHN; VSC TOMLINSON; C/O SOMERS; and VSC BOROSSO,<br><br>Defendants. | Case No. 1:25-cv-00305-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 14.

Plaintiff has now filed a Motion to Appoint Counsel, a Motion to Review Amended Complaint, and a Motion to Amend Complaint. Dkts. 15, 16, 17. The Motion to Amend Complaint includes the Amended Complaint itself. The Amended Complaint eliminates all claims in the initial complaint except an Eighth Amendment claim against Defendant Vaughn. *Am. Compl.*, Dkt. 17, at 1–2.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint with respect to Plaintiff's Eighth Amendment claim, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.   **Motion to Appoint Counsel**

Plaintiff seeks appointment of counsel. Dkt. 15. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the

appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted—therefore, Plaintiff does not have a likelihood of success on the merits. For these reasons, the Court will deny Plaintiff's Motion to Appoint Counsel.

## 2.  Screening Requirement and Pleading Standard

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to

state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In March 2025, Plaintiff was walking to breakfast slowly because he had an injured ankle. Correctional Officer Vaughn told Plaintiff to walk faster. As a result, Plaintiff suffered pain in his ankle and emotional distress. *Am. Compl.*, Dkt. 17, at 1–2.

The Amended Complaint does not plausibly allege that Defendant Vaughn acted with deliberate indifference to a substantial risk of serious harm in telling

Plaintiff to walk faster. Plaintiff's only assertion regarding Vaughn's state of mind is that Vaughn saw Plaintiff limping but told him to walk faster. This is woefully insufficient to plausibly suggest that Vaughn was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that Vaughn also drew that inference, as required for an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Accordingly, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

### 4.  Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Appoint Counsel (Dkt. 15) is DENIED.

2. Plaintiff's Motion to Review the Amended Complaint (Dkt. 16) is GRANTED.

3. Plaintiff's Motion to Amend Complaint (Dkt. 17) is GRANTED IN PART, to the extent that the Court has reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

4. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 14), this entire case is DISMISSED with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: December 5, 2025



B. Lynn Winmill
U.S. District Court Judge